No. 746 August 5, 2026 67

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONATO MENDOZA GONZALEZ,
*Defendant-Appellant.*

Malheur County Circuit Court
24CR36000; A187371

Lung S. Hung, Judge.

Submitted June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Remanded for resentencing.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant pleaded guilty to driving under the influence of intoxicants. The trial court sentenced defendant to probation. The judgment of conviction provides that defendant must pay any required per diem fees, but that requirement to pay per diem fees was not announced in open court at sentencing. Defendant assigns error to the inclusion of that provision in the judgment. The state concedes the error. We agree with and accept the state's concession and we remand for resentencing.

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). Including a term in the written judgment that was not announced in the defendant's presence at sentencing is typically error. *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024).

The trial court here erred by including a requirement to pay per diem fees in the judgment without having announced that term at sentencing. In this circumstance, the remedy is to remand for resentencing. *Id*.

Remanded for resentencing.